UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SEAD NIKAJ,

                Plaintiff,

-against-

TURKISH AIRLINES, INC.,

                Defendant.

-------------------------------------------------------------------X

Case No.: 1:19-cv-01401
(ARR)(PK)

**ANSWER OF
TURKISH AIRLINES, INC.**

      TURKISH AIRLINES, INC. ("Turkish"), by and through its attorneys, Clyde & Co US LLP, as and for its Answer to plaintiff's Complaint, states as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and leaves all questions of law to be decided by the Court.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits that Turkish has offices and transacts business in the Eastern District of New York, and leaves all questions of law to be decided by the Court.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

      4.    Admits the allegations in paragraph 4 of the Complaint.

      5.    Admits the allegations in paragraph 5 of the Complaint.

      6.    Admits the allegations in paragraph 6 of the Complaint.

      7.    Denies the allegations in paragraph 7 of the Complaint, except admits that Turkish operated its flight no. TK001 from Istanbul to New York on March 9, 2019.

      8.    Admits the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that one Sead Nikaj was listed as a passenger on board said flight.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Admits the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except admits that the pilot in command and first officer were subject to certain duties imposed by law.

15. Admits the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that the flight crew were subject to certain duties imposed by law.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admits that the flight crew were subject to certain duties imposed by law

19. Denies the allegations in paragraph 19 of the Complaint, except admits that those sources are available.

20. Denies the allegations in paragraph 20 of the Complaint, except admits that the aircraft encountered turbulence.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint, except admits that the turbulence caused the aircraft to move.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint, except admits that certain people on the aircraft sustained injuries.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and leaves all questions of law to be decided by the Court.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights and liabilities of the parties are governed exclusively by the provisions the Montreal Convention.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. Turkish is not liable for plaintiff's alleged injuries because some or all of plaintiff's injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. Pursuant to Article 21 of the Montreal Convention, Turkish's tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or other applicable law, Turkish is not liable to plaintiff for the loss or damage described in the Complaint or its

4

liability, if any, is limited to an aggregate sum or provable damages not in excess of 113,100 Special Drawing Rights (SDRs).

### AS AND FOR AN FIFTH
### AFFIRMATIVE DEFENSE

41. Pursuant to the Montreal Convention and/or other applicable law, Turkish shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

42. The alleged damages complained of were not proximately caused by any culpable conduct on the part of Turkish.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

43. Plaintiff's state law claims against Turkish, if any, are completely preempted by the Montreal Convention, or by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. §40101 *et seq.*), and 49 U.S.C. §41713.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

44. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by Turkish or any person or entity for whom Turkish is responsible.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

45.     Plaintiff failed to mitigate his damages, if any, and is therefore barred from recovering any such damages from Turkish.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

46.     Turkish asserts that if it is liable to plaintiff, which liability Turkish expressly denies, then Turkish is entitled to a set-off for all settlements/benefits and/or collateral sources received by plaintiff.

WHEREFORE, Turkish demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 1, 2019

                                        CLYDE & CO US LLP

                                        By: _____
                                            Christopher Carlsen
                                            Nicholas Magali
                                            The Chrysler Building
                                            405 Lexington Avenue, 16th Floor
                                            New York, New York 10174
                                            (212) 710-3900

                                        Attorneys for Defendant
                                        Turkish Airlines, Inc.

To:   Abram I. Bohrer, Esq.
      Bohrer & Lukeman
      5 Columbus Circle, Suite 1501
      New York, New York 10019
      (212) 406-4232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
SEAD NIKAJ, :
:
Plaintiff, : Case No. 1:19-CV-01401 ARR PK
:
-against- : **CERTIFICATE OF SERVICE**
:
TURKISH AIRLINES, INC., :
:
Defendant. :
------------------------------------- X

    I hereby certify that on May 1, 2019, a copy of the foregoing **RULE 7.1 STATEMENT and ANSWER OF TURKISH AIRLINES, INC.** were electronically filed in Eastern District of New York via PACER and served on the following counsel of record:

    Abram I. Bohrer, Esq.
    Bohrer & Lukeman
    5 Columbus Circle, Suite 1501
    New York, New York 10019

    /s/ Michelle Mullen
    Michelle Mullen
    CLYDE & CO US LLP
    The Chrysler Building
    405 Lexington Avenue, 16th Floor
    New York, New York 10174
    (212) 710-3900